No. 831

INDUSTRIAL COMM. v. JOYCE

Ohio Appeals, 8th Dist., Cuyahoga Co.
No. 8357. Decided Sept. 26, 1927.
**First Publication of this Opinion**
Syllabus by Editorial Staff.

631. INDUSTRIAL COMMISSION.—725. Limitations.—85. Appeal.—Where Industrial Commission re-opens case, same becomes pending matter, and 30 day period, for filing appeal, begins to run from date when final decision is made.

Error to Common Pleas.
Judgment affirmed.

E. C. Turner, Columbus and John A. Elden, Cleveland for Indust. Com.
Cerrezin & Wilson, Cleveland, for Joyce.

FULL TEXT
(Continued on Page 764)

# SYLLABI

The following are official syllabi of Cases which will appear in the Court of Appeals Report.

No. 832

SCHWARTZ v. POSTAL TELEG.

CABLE Co.

1163. TELEGRAPH AND TELEPHONE.—829. Negligence.

---

No. 833

TILLOTSON & WOLCOTT CO. v. SCOTT-

DALE MACHINE & MFG. CO.

587. GUARANTY.—297. Contracts.—1277. Words and Phrases.—355. Damages.

---

No. 834

HAMILTON v. OHIO CONTRACT

PURCHASE CO.

Ohio Appeals, 2nd Dist., Franklin Co.

Addison & Evans, Columbus, for Hamilton.
Turner, Calland & Summers, Columbus, for Purchase Co.

831. NEGOTIABLE INSTRUMENTS. — 941. Practice and Procedure.—1265. Weight of Evidence.

---

## No. 835

### SOFO v. B. R. BAKER CO.

Ohio Appeals, 8th Dist., Cuyahoga Co.

Payer, Winch, Minshall & Karch, Cleveland, for Sofo.

Howell, Roberts & Duncan, Cleveland, for B. R. Baker Co.

118. AUTOMOBILES.—719. Liens. — 123. Bailments.—829. Negligence.—301. Contributory Negligence.

---

## No. 836

### BALT. & O. RD. CO. et v. FISH LYBARGER CO.

Ohio Appeals, 5th Dist., Knox Co.

Frazier & Frazier, Zanesville, and W. J. Sperry, Mt. Vernon, for Railroad Co.

F. O. Levering, Mt. Vernon, for Fish Lybarger Co.

1106. STATUTE OF LIMITATIONS.—991. Railroads.

---

## No. 837

### GERAK v. STATE

Ohio Appeals, 8th Dist., Cuyahoga Co.

681. JURISDICTION.—333. Criminal Law. —769. Minors.

Henry DuLawrence, Cleveland, for Gerak.
David Rothkopf, Cleveland, for State.

WASHBURN, J.

1. By the statute of Ohio a young man seventeen years of age, who, while in the act of committing burglary, intentionally kills another, under circumstances making him guilty of a felony, may be indicted by the grand jury for that offense, and the only court that is clothed with jurisdiction to try him for such felony is the common pleas court..

2. The fact that, under the Juvenile Court Act (Section 1639 et seq., General Code), the commission of a felony by a minor constitutes him a delinquent, does not relieve him of the consequences of his crime or abridge the right of the grand jury to indict him for such crime, or the right of the common pleas court to try him for such crime, when the juvenile court does not acquire jurisdiction of him for such delinquency before the common pleas court acquires jurisdiction of him for such felony.

(Dunlap, PJ., and Vickery, J., concur.)

For reference to full opinion see Omnibus Index, last page, this issue.

---

## No. 838

### HARRIS et v. FIRST SPIRITUALIST CHURCH

Ohio Appeals, 6th Dist., Lucas Co.

1085. SERVICE OF SUMMONS.—191. Burden of Proof.—465. Error Proceedings.— 480. Evidence.—1015. Religious Societies.— 997. Real Estate.

Mulholland & Hartman, Toledo for Harris.
Johnson, Johnson & Farber, Toledo, for Church.

WILLIAMS, J.

1. The burden is on the one challenging the legality of service of summons in error to show, by clear and convincing evidence, the incorrectness and inaccuracy of the return.

2. Evidence held not sufficiently clear and convincing as to show that summons in error was made after return day thereof, where return showed timely service.

3. In a proceeding to sell real estate of a charitable or religious society or association

under Sections 10051 and 10056 GC., the final order made in the trial court is a final judgment from which error may be prosecuted.

(Richards and Young, JJ., concur.)

For reference to full opinion see Omnibus Index, last page, this issue.

---

## No. 839

### PRICE & CO. v. DAVIS, Agt.

Ohio Appeals, 1st Dist., Hamilton Co.

543. FOREIGN CORPORATIONS. — 991. Railroads.

H. Hightower, Cincinnati, for Price & Co.

Maxwell & Ramsey, Cincinnati, for Davis.

HAMILTON, J.

Foreign railroad corporation, having office in state for soliciting traffic, held to carry on business, so as to subject it to state courts, and its general agent was managing agent, within Section 11290 GC.

(Cushing and Buchwalter, JJ., concur.)

For reference to full opinion, see Omnibus Index, last page, this issue.

---

## No. 840

### EASTMAN, Ex Parte

Ohio Appeals, 1st Dist., Hamilton Co.

Herman P. Goebel, Cincinnati, for M. W. Eastman.

Franks & Franks, Cincinnati, for R. S. Eastman.

677. JUDGMENTS AND DECREES.—465. Error.

CUSHING, J.

1. Judgment of court of common pleas finding that party should do certain things, and rendering judgment against him for costs, which was set aside and case set down for hearing on merits, is not one from which error can be prosecuted under Article IV, Section 6 of the Constitution.

2. Judgment cannot be entered against party who is not before the court.

(Buchwalter, PJ., and Hamilton, J., concur.)

For reference to full opinion, see Omnibus Index, last page, this issue.

---

## No. 841

### WIDICAN v. WIDICAN

Ohio Appeals, 9th Dist., Summit Co.

Jonathan Taylor, Akron, for plaintiff.

413. DIVORCE AND ALIMONY.

WASHBURN, J.

1. In reviewing a divorce proceeding, as the trial judge in the determination of facts has the opportunity of observing the demeanor and conduct of the witnesses, and is charged with the duty of carrying out and promoting a sound public policy, he should be allowed a wide latitude of discretion.

2. When a divorce is refused by the trial court and error is prosecuted to the Court of Appeals, and there is no conflict in the evidence and the judges of the Court of Appeals are clearly and unanimously of the opinion that a divorce should have been granted, the judgment of the trial court should be reversed; and, being presented only a question of law, the Court of Appeals may enter the judgment which the trial court should have entered.

(Pardee, PJ., and Funk, J., concur.)

For reference to full opinion, see Omnibus Index, last page, this issue.

---

## No. 842

### GEHRING CO. v. McCUE

Ohio Appeals, 8th Dist., Cuyahoga Co.

Turney & Sipe, Cleveland, for Gehring Co.

Bates, Macklin, Goldrick & Teare, Cleveland for McCue.

1206. UNFAIR COMPETITION.—897. Patents.—681. Jurisdiction.

SULLIVAN, J.

1. United States courts are given exclusive jurisdiction in suits for infringements of letters patent, either in law or equity.

2. Where issues raised in action for patent infringement do not involve validity of patent right, they are within jurisdiction of state courts.

3. Foundation of action for unfair competition may consist of conduct by defendant of such persistent and continuous nature as has resulted in damage to plaintiff in production and sale of its wares.

4. Malicious acts by way of litigation in courts, not founded on good faith but to harass and injure rival producing and selling same commodity, may authorize recovery as for unfair competition.

5. "Unfair competition" is conduct of trade or business in such manner that there is express or implied representation that goods or business of one man are goods or business of another.

(Levine, PJ., and Vickery, J., concur.)

For reference of full opinion, see Omnibus Index, last page, this issue.

---

## No. 843

### MILLER et v. FOREST CITY MOTOR CO.

Ohio Appeals, 8th Dist., Cuyahoga Co.

R. E. Roehm, Cleveland, for Miller et.

Quigley & Byrnes, Cleveland, for Motor Co.

960. PROOF.—557. Fraud and Deceit.

SULLIVAN, J.

1. Where purchasers of automobile when sued for price set up vendor's misrepresentation, but did not sue for damages, and findings therein were that they relied on misrepresentations, in their action against vendor for misrepresentations, since proof of knowledge of deceit was lacking in former case, record thereof was inadmissible in instant action as conclusive proof of fraud.

2. To sustain claim of deceit knowledge of guilt must be proved.

3. An issue once adjudicated becomes proof, and it is unnecessary to readjudicate it if in litigation there are same parties, same transaction, and identical issues.

4. Where in former action between same parties issue of damages for fraud in misrepresentation of automobile was adjudicated, it cannot be adjudicated affirmatively in subsequent action by defendant for damages for plaintiffs' misrepresentation.

(Levine, PJ., and Vickery, J., concur.)

For reference to full opinion, see Omnibus Index, last page, this issue.

# COMMON PLEAS

Editor's Note: The following decision, involving questions of inheritance tax, will undoubtedly prove interesting to the Bench and Bar of Ohio. We are publishing, at this time, excerpts from the decision of the Probate Court, excerpts from the agreed statement of facts as submitted to the Common Pleas and the Common Pleas decision.

No. 844

TAYLOR, In Re Estate of.

Probate Court. Cuyahoga Co.
First Publication of this Opinion

Syllabus by Editorial Staff.

635. INHERITANCE TAX.—165. Bonds. Succession to registered bonds of Ohio municipalities, owned by non-resident decedent, is not subject to Ohio inheritance taxes.

Order on exception to determination of inheritance taxes.

Edward L. Turner, Atty. Gen., for Tax Commission.

Andrews & Belden, Cleveland, Caldwalder, Wickersham & Taft, New York, for Estate of Taylor et.

ADDAMS, J.

On this 12th day of August, 1927, this cause came to be heard, on the exceptions to the determination of the inheritance taxes payable on the successions to the Ohio estate of Henry R. Taylor, deceased, late of the City, County and State of New York. * * * the court further finds that, among the assets belonging to the estate of Henry R. Taylor deceased, the following registered bonds of the Cities of Cleveland and Cincinnati in this State, to-wit: (Here follows a descripion of the bonds).

The court further finds that, in computing the inheritance taxes payable on the succession to the estate of said decedent, under the jurisdiction of the State of Ohio, said bonds were included as an asset of his Ohio estate and that the exceptions are based on the ground that the assessment of the inheritance tax on the successions to said bonds were erroneous, inasmuch as said bonds were not within the State of Ohio, within the meaning of the inheritance tax law.

The court further finds that, at the time of said decedent's death, said bonds were not physically present in the State of Ohio and that the succession to said bonds are not, for any purpose, subject to or governed by the law of this State, and are not within the State for the purposes of the inheritance tax.

It is, therefore, by the court, ordered, adjudged and decreed that said exceptions be, and they are, hereby, sustained; and it is further ordered that the inheritance taxes payable in said estate shall be re-computed without the inclusion of said bonds in the Ohio estate of said decedent.

Editor's Note: The above action was carried to the Common Pleas Court of Cuyahoga County, being case No. 284022 therein. The following is taken from the agreed statement of facts as submitted to the Common Pleas Court.

Henry R. Taylor died testate on the 4th day of December, 1925, a resident of the State of New York. At the time of his death he was the owner of stock of Ohio corporations and bonds of Ohio municipalities and corporations. Among the bonds owned by the above decedent were the following registered bonds of Ohio municipalities. (Here follows description of the bonds.)

These obligations were originally represented by bearer bonds, which were changed into registered bonds upon surrender by said Henry R. Taylor for that purpose. Said registered bonds were not physically present in the State of Ohio at the time of the decedent's death, but were in the State of New York, of which decedent was a citizen and resident. Proper application having been made, the Probate Court of Cuyahoga County, on January 8, 1927, made a determination of the tax due on the successions in the above estate. Among the assets found by the Probate Court to be subject to tax under the Ohio Inheritance Tax Law, were the above described registered bonds of the municipalities of Cleveland and Cincinnati of a total par value of $71,000.

On March 4, 1927, exceptions were filed to the foregoing determination of inheritance tax, by the Farmers Loan & Trust Company, one of the executors under the last will and testament of Henry R. Taylor, said exceptions alleged that the Probate Court erred in including the registered bonds of Ohio municipalities among the assets found by said court to be subject to tax in this State. On the 12th day of August, 1927, the exceptions having come on for hearing, the court found said exceptions well taken, and sustained the same, and held that the successions to the registered bonds of Ohio municipalities owned by said decedent, were not for any purpose subject to or governed by the laws of the State of Ohio, and that said bonds were not within said State for the purpose of the inheritance tax.

The Tax Commission of Ohio filed written notice of appeal, with the Probate Court, from the order of said court made on August 12, 1927, sustaining the exceptions.

Editor's Note: The following is taken from the issue of the Daily Legal News for Monday, Nov. 7, 1927:

(Continued from Page 760)
LEVINE, J.

The parties are in the reverse order from that which they occupied in the trial court.

Defendant in error, who was plaintiff in the trial court, recovered a judgment against the Industrial Commission of Ohio for compensation to be paid out of the State Industrial Fund for injuries received on September 30, 1922, while working for the Central Brass Manufacturing Company, a contributor to the State Insurance Fund. He filed his application with the Industrial Commission October 16, 1922. Temporary total disability compensation was awarded. Later, to-wit, on December 15, 1925, he filed an application for modification of the award originally made, alleging that the injuries which he received in April 1922 compelled him to cease working April 26, 1924, which was the result of the original injury. The decision upon this claim was deferred by the Commission for investigation. On March 4, 1926, the Industrial Commission considered and re-opened the claim in the following language:

"That the Commission find that the claimant has been fully compensated for all disability resulting of this injury."

About June 11, 1926, defendant in error filed his application for a modification of the award. This was done upon the suggestion of the Industrial Commission, which came to his attorney in a letter dated June 2, 1926. On July 1, 1926, the following action was taken by the Commission:

"On this day, July 1, 1926, this claim, together with the proof on file, was presented to the Commission, by the Chief of the Division of Workmen's Compensation, considered and re-opened and a finding of facts was made as follows:

"Miss Moriarty moved that oral hearing be held in this case.

"This motion was seconded by Mr. Casey and voted upon as follows: Miss Moriarty, aye; Mr. Casey, aye."

On September 21, 1926, the Industrial Commission of Ohio disallowed the claim. An appeal was taken from this decision to the Common Pleas Court within thirty days from the date the claim was last disallowed.

The sole question is as to whether the appeal of the Common Pleas Court was taken within the thirty day period prescribed by the General Code.

It seems to us quite clear that since the Industrial Commission re-opened the claim as of the date of July 1, 1926, the same became a pending matter, and that the thirty day period for the filing of the appeal begins to run from the date when the Industrial Commission made its final decision, to-wit, December 31, 1926.

Holding as we do, the judgment of the Common Pleas Court will, therefore, be affirmed.

(Sullivan, PJ., and Vickery, J., concur in judgment.)